WOHLGEMUTH BUS COMPANY ET AL., PROSECUTORS, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT ET AL., DEFENDANTS.

Argued October 2, 1940—Decided October 17, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the prosecutors, *Harold Farkas.*

For Meyer C. Ellenstein, mayor, &c., *Joseph A. Ward.*

For Public Service Co-ordinated Transport, *William H. Speer*.

The opinion of the court was delivered by

PARKER, J. The attack is on a "consent" given by the mayor of Newark as Director of the Department of Public Affairs of that city, which, it is admitted, is governed by a city commission under the so-called "Walsh act," now *N. J. S. A.* 40, *chs.* 70 *et seq.* Pursuant to that act, the Board of Commissioners by resolution vested the authority relating to streets and sewers, street regulation, transportation, and other matters not here relevant, in the Department of Public Affairs. The mayor as director of that department gave consent in writing on March 20th, 1940, to the surrender of five bus permits and the issue of five others in lieu thereof, subject to three conditions: the first limiting the rate of fare, not here in question; the second and third reading as follows:

"2. This consent is granted subject to the terms or conditions "now imposed or hereinafter to be imposed by an ordinance or regulation of the City of Newark or any law of the State of New Jersey.

"3. This consent is subject to the approval of the Board of Public Utility Commissioners of the State of New Jersey, in accordance with the provisions of chapter 195 of the laws of 1911 and the amendments thereof and supplements thereto."

It is expressly admitted in the brief for prosecutors, that the conditions of paragraph 3 above quoted have not been met. The language of the brief is as follows:

"We wish to point out that the Public Service Co-ordinated Transport has proceeded with an application to the Public Utilities Commission for approval of the aforementioned consent under the Public Utility act (*R. S.* 48:2-14) and that a hearing has been held thereon, but that up to the present no decision has been rendered by the Public Utilities Commission. The points raised herein have been raised before the Public Utilities Commission by the prosecutors, who operate buses over a portion of the same streets."

In this situation, we are asked to sustain the claim made for the prosecutors, that as the act called the "Kates act" (*N. J. S. A.* 48:4-3) requires the consent of the "board or body having control of the public streets," and as the Director of Public Affairs is neither a "board" nor a "body" (so runs the argument) the so-called "consent" should be set aside as beyond his jurisdiction.

We consider that any such action by this court, even if justified by law, would be premature. Concededly, the consent, if sufficient to satisfy the Kates act, would be futile unless approved by the Board of Public Utility Commissioners: and indeed, the Court of Errors and Appeals has expressly so held. *Whitehead* v. *Board,* 108 *N. J. L.* 258, 260, 261.

While the foregoing suffices for a decision of the case as now presented, it may be well to add that in our view a consent by the director of the department to which the control of the streets, &c., has been assigned, satisfies the requirement of the Kates act calling for the consent of the "board or body having control of public streets." If the director is not literally a "board or body" he is at least the *alter ego* of the entire commission, an agent who by the express requirement of the statute is vested *ex officio* with the powers of the municipal body as respects all matters assigned to his department. The commission might transfer the powers and duties to another member of the commission, but could not act as a body in administering them. *Murphy* v. *Board,* 119 *N. J. L.* 337; *affirmed,* 121 *Id.* 75.

The "Walsh" act dates from 1911; the "Kates" act from 1916, five years later: but since that time the two acts have continued side by side and have been amended from time to time apparently with no thought of inconsistency on the point here raised. The last amendment of the Kates act before *R. S.* of 1937 was in 1926. *Pamph. L., p.* 219. The last amendment of the Walsh act was in *Pamph. L.* 1930, at page 996, and in that act the language about distribution of powers and duties among the departments is reiterated at page 997. So we are of opinion that apart from the prematurity of this writ, it is without substantial legal basis on the merits. The writ is accordingly dismissed, with costs.